**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**FRED GERSTENFIELD,**
    **Plaintiff,**

**-vs-**                    **Case No. 6:05-cv-1719-Orl-18DAB**

**ZALE DELAWARE, INC., d/b/a Zales Jewelers,**
    **Defendant.**
_____

## ORDER

This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION TO COMPEL ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST TO PRODUCE (Doc. No. 17-1)** |
| **FILED:** | **August 1, 2006** |
| **THEREON** it is **ORDERED** that the motion is **GRANTED in part**. | |
| **MOTION:** | **PLAINTIFF'S MOTION TO COMPEL ANSWERS TO FIRST REQUEST FOR ADMISSIONS (Doc. No. 18)** |
| **FILED:** | **August 1, 2006** |
| **THEREON** it is **ORDERED** that the motion is **DENIED**. | |

Plaintiff is suing Defendant Zale Delaware, Inc. d/b/a Zales Jewelers ("Zales") for alleged age discrimination in his termination from the store at the Volusia County Mall. Plaintiff seeks to compel more complete responses to interrogatories, production requests, and requests for admission. Because Zales has supplemented its Responses, the majority of issues sought to be compelled by Plaintiff are

now moot. *See* Zales' Responses to Interrogatory Nos. 2, 5, 6, 7 and 8. With regard to these Interrogatories, Plaintiff still seeks production of managers' and employees' social security numbers and dates of birth.

Plaintiff is entitled to discovery of "any matter, not privileged, which is relevant to the subject matter involved in the pending action." FED. R. CIV. P. 26(b)(1). Discovery of the names, addresses, telephone numbers, and ages[1] of comparator employees is discoverable information relevant to Plaintiff's claims. Federal Rule of Civil Procedure 26 governing discovery clearly contemplates discovery of the addresses and telephone numbers as integral to the identity of individuals likely to have discoverable information regarding the parties' claims or defenses. FED. R. CIV. P. 26 (a)(1)(a).

However, the Court finds that Zales' desire to protect the social security numbers of its managers and employees is well-founded. An employee's social security number is not necessary to locate the employee and its disclosure is not so clearly contemplated by the Federal Rules of Civil Procedure as the address and telephone number. Because of the sensitivity of such private information and the lack of necessity in this case, the Court does not find that such information is discoverable under these circumstances.

As to Interrogatory No. 3, Plaintiff seeks the identity of all employees working at the Volusia Mall Zales store from March 1, 2003 through June 30, 2005; and if any employees were terminated during that time, the reason for that employee's termination. Plaintiff also requested the production

---

[1] In lieu of providing birth dates, Zales should indicate whether identified employees are or are not within the protected class.

of various documents[2] for all employees hired by the Volusia Mall Zales from January 1, 2003 through February 28, 2005. Zales objected that the interrogatory and request for production were overly broad, irrelevant, immaterial and not calculated to lead to the discovery of admissible evidence. In addition, Zales objects that the request for payroll records seeks voluminous and unrelated documents.

The Court finds that the names, addresses, age, gender, and position of other Zales' employees employed at the locations at which Plaintiff worked and during Plaintiff's tenure is discoverable information relevant to Plaintiff's claims. The time period and location are within the scope of discovery anticipated by Rule 26. Zales' objection is overruled, and it is **ORDERED** to respond to Interrogatory No. 3 (as modified) within 11 days of the date of this Order. Zales is further **ORDERED** to produce the personnel files – including resumes, applications, performance evaluations, employment contracts, salary information, job descriptions, and termination documents – as sought in Request No. 2 (with the social security numbers and dates of birth redacted [but see footnote 1]) for those employees hired by the Volusia Mall Zales from January 1, 2003 through February 28, 2005. Zales' objection to the production of the payroll records is sustained; Plaintiff will have to make a stronger showing of necessity to compel production the payroll records.

Plaintiff also seeks to compel responses to requests that seek Zales' admission of whether documents produced in response to Requests for Production are authentic copies of the originals or are "business records" which come within the exception to the hearsay rule pursuant to Federal Rule of Evidence 803(6). Zales objects that it can neither admit nor deny whether some documents are

---

[2]Plaintiff's First Request for Production No. 2 seeks "resumes, applications, performance evaluations, employment contracts, salary information, job descriptions, payroll records and termination documents for all employees" of the Volusia Mall Zales from January 1, 2003 to February 28, 2005.

authentic because it cannot account for all originals of the documents produced and the "business records" requests call for a legal conclusion.

Plaintiff's Motion to Compel Admissions will be denied for two reasons. First, none of the documents sought to be authenticated as originals or recognized as business records were included with the Motion, which makes it impossible for the Court to review them. Second, a document is authenticated when produced by a defendant in discovery. *See Maljack Productions, Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 889 n. 12 (9th Cir. 1996) (document authenticated when produced by defendant in discovery); *Snyder v. Whittaker Corp.,* 839 F.2d 1085, 1089 (5th Cir.1988) (same). As Zales has pointed out, Plaintiff will be able to rely on the fact that the documents were in its possession and produced in response to Plaintiff's Request to Production.

Additionally, the Court suspects the reason the documents to be authenticated were not included in the Motion is because they are voluminous; if so, Plaintiff's requests for admission are also overbroad. *See White v. Home Depot U.S.A., Inc.,* __ F. Supp.2d __, 2006 WL 1517724, *2 (D. Colo. 2006) (holding that plaintiff's requests for admissions regarding authenticity and business records status of production responses were over-broad, because thousands of papers of documents had been produced by defendant). Zales' objections to the Requests for Admissions are sustained, and the Motion to Compel Admissions is **DENIED.**

**DONE** and **ORDERED** in Orlando, Florida on August 16, 2006.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

Case 6:05-cv-01719-GKS-DAB   Document 21   Filed 08/16/06   Page 5 of 5 PageID 160